BENJAMIN B. WAGNER
United States Attorney
DEANNA L. MARTINEZ
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $189,086.51 IN U.S. CURRENCY SEIZED FROM WASHINGTON MUTUAL INVESTMENTS, INC. ACCOUNT NUMBER W98001759, HELD IN THE NAME OF GAENEY MARIE WILLMORE,<br><br>Defendant. | 1:09-MC-00024-LJO<br><br>**CONSENT JUDGMENT OF FORFEITURE** |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about October 23, 2008, Gaeney Willmore (hereafter "Willmore") was charged in an Indictment with violations of 21 U.S.C. §§§ 846, 841(a)(1), and 841(b)(1)(A). As a result of the underlying investigation leading to the indictment against Gaeney Marie Willmore, the contents of Washington Mutual Investments, Inc. Account No. W98001759, held in the name of Gaeney Marie Willmore was seized from Gaeney Marie Willmore. The account was liquidated by agreement between the parties and the account balance of $189,086.51 (hereafter "defendant funds") is in the custody of the United States Marshals Service, Eastern District of California.

2. The Drug Enforcement Administration ("DEA") conducted an investigation of Gaeney Marie Willmore, the owner of the defendant funds, and her drug manufacturing and

trafficking activities. This investigation revealed Gaeney Marie Willmore's involvement in the manufacture of marijuana.

3. On October 10, 2008, agents executed a search warrant authorizing a search of orchard property owned by Gaeney Marie Willmore and her husband Perry Lee Willmore located at 14883 Johnson Drive. Agents eradicated 9,319 growing marijuana plants from the Johnson Drive property. In addition, agents determined the residence on the adjacent property was converted exclusively to facilitate the processing of marijuana and was presently being used to dry the marijuana and process it for sale. Within the residence, agents located in excess of 200 pounds of processed marijuana in boxes and approximately 360 pounds of drying marijuana.

4. On October 11, 2008, agents executed a search warrant at the residence of Gaeney Marie Willmore and her husband Perry Lee Willmore, located at 45810 Camaron Road, Temecula, California (hereafter "Temecula residence"). Agents located growing equipment used for manufacturing marijuana indoors, including lights, ballasts, fans, and filters. Agents also located packaging similar to that used to package marijuana at the Johnson Drive property and a map displayed on the wall with a route drawn between Temecula and Orosi, with markers pinpointing areas in Orosi and other locations that agents believed to indicate possible marijuana grow locations. Agents further located marijuana seeds and several plastic bags that contained a total of approximately two pounds of processed marijuana. Additionally, agents located approximately $6,060.00 in U.S. Currency, an EKS electronic scale that weighs items from five grams to five kilograms or 1/4 ounce to 11 pounds, an Ohaus LS 200 scale (capacity of 7 ounces or 200 grams), and miscellaneous equipment used in the beginning process of starting marijuana plants, such as lights, small plant containers, and PH balancing liquid.

5. During the October 11, 2008 search of the Temecula residence, agents located approximately six boxes of financial documents, including tax returns and documents reflecting the purchase of the Johnson Drive property in Orosi. An analysis of the documents reflect that the Willmores have expenses and a lifestyle which far exceeds their reported income.

6. Without admitting the factual assertions contained in paragraphs 2-5, Gaeney Marie Willmore admits for purposes of this matter only that a factual basis exists to support forfeiture of

the defendant funds. Gaeney Marie Willmore hereby acknowledges that she is the sole owner of the defendant funds, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, Gaeney Marie Willmore shall hold harmless and indemnify the United States, as set forth below.

7. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

8. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the property was seized.

9. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

10. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

11. Upon entry of a Consent Judgment of Forfeiture, $94,543.25 of the defendant $189,086.51 in U.S. Currency seized from Washington Mutual Investments, Inc. Account Number W98001759, held in the name of Gaeney Marie Willmore, including any interest that may have accrued on that amount, seized on or about October 28, 2008, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

12. Upon entry of a Consent Judgment of Forfeiture, but no later than 45 days thereafter, $94,543.26 of the defendant $189,086.51 in U.S. Currency seized from Washington Mutual Investments, Inc. Account Number W98001759, held in the name of Gaeney Marie Willmore, shall be returned to potential claimant Gaeney Marie Willmore through her attorney Eric H. Schweitzer at 2333 Merced Street, Fresno, California 93721.

13. Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are hereby released from any and all liability arising out of or in any way connected with the seizure and/or forfeiture of the defendant

funds. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure and/or forfeiture, as well as to those now known or disclosed. The parties to this agreement agree to waive the provisions of California Civil Code § 1542.

14. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant funds, and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

15. All parties will bear their own costs and attorneys' fees.

**CERTIFICATE OR REASONABLE CAUSE**

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described funds.

IT IS SO ORDERED.

**Dated: December 8, 2009**

**/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE